# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHEA DAVID,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP, et al.<br><br>Defendants. | Case No. 2:18-cv-04864-JDW |

## MEMORANDUM

The issue before the Court is whether a business owner has a legal duty to clear snow from its parking lot while a snowstorm continues. Pennsylvania's "hills and ridges" doctrine provides the answer. Under that doctrine, no duty arises until snow stops falling. Because Dorothea David fell and sustained injuries in a parking lot while snow still fell, the Court grants summary judgment to defendants Wal-Mart Stores East, L.P., and Divisions Inc.

## I.    FACTUAL BACKGROUND

On March 2, 2018, a Winter Weather Advisory for wet snow issued at 2:09 p.m. The weather report shows that on March 2, there was "Light rain and snow" from 9 a.m. to 12 p.m., and "snow/heavy snow" from 12 p.m. to 4 p.m. (ECF No. 36, Ex. H at 6.) Even though light rain and snow started in the morning, the snow did not begin to accumulate until 12 p.m. Between 1 p.m. and 3 p.m., roughly 1.5-2.5 inches of snow had accumulated. A still image from video surveillance of Walmart's parking lot, taken on March 2 at about 3 p.m., shows several inches of snow and tire tracks.

That day, Dorothea David drove to Walmart around 3 p.m. and parked her car in the parking lot. When she walked to the store, it was still snowing and there was snow

on the ground. She stayed for about 15 minutes. While walking back to her car, she slipped and fell. She claims the snow and icy conditions in the parking lot caused the fall.

On February 15, 2019, Ms. David filed an Amended Complaint, alleging two counts of negligence against Walmart and Divisions, Inc. for failure to maintain the parking lot in a safe condition. On September 9, 2019, Defendants filed a motion for summary judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *See Celotex*, 477 U.S. at 323.

## III. ANALYSIS

Pennsylvania's "hills and ridges" doctrine shields landowners "from liability for generally slippery conditions resulting from ice and snow where the owner has not

2

permitted ice and snow to unreasonably accumulate in ridges, or elevations." *Galganske v. Elk Mountain Ski Ctr., Inc.*, No. 3:CV-05-0241, 2006 WL 8448334, at *4 (M.D. Pa. Feb. 27, 2006) (citing *Smith v. Allen & O'Hara Developments, Inc.*, No. CIV.A. 95-7775, 1996 WL 529998, at *1 (E.D. Pa. Sept. 18, 1996)). The doctrine requires a plaintiff to prove that "(1) snow and ice has accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to those traveling thereon; (2) the property owner had actual or constructive notice of the existence of this condition; and (3) the dangerous accumulation of ice and snow caused plaintiffs [sic] injuries." *Inaganti v. Columbia Properties Harrisburg LLC*, No. CIV.A. 10-1651, 2011 WL 3156813, at *4 (E.D. Pa. July 26, 2011) (quoting *Comer v. Boro Developers, Inc.*, No. CIV.A. 09-00415, 2010 WL 3069664, at *2 (E.D. Pa. Aug. 3, 2010)). The doctrine extends "to cases where a business invitee falls on snow or ice covering a parking lot." *Galganske v. Elk Mountain Ski Ctr., Inc.*, No. 3:CV-05-0241, 2006 WL 8448334, at *4 (M.D. Pa. Feb. 27, 2006).

There is no dispute that Walmart's parking had slippery conditions when Ms. David slipped and fell. The next question is whether, under the hills and ridges doctrine, Walmart and Divisions allowed dangerous conditions, due to ridges or elevations, to remain for an unreasonable length of time. Under Pennsylvania law, "a landowner has no duty to correct or take reasonable measures with regard to storm-created snowy or icy conditions until a reasonable time **after the storm has ceased.**" *Collins v. Philadelphia Suburban Dev. Corp.*, 179 A.3d 69, 76 (Pa. Super. Ct. 2018). The Court "[is] not bound in a diversity case to follow decisions of a state intermediate appellate court," but it must not disregard such decisions "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Jewelcor Inc. v. Karfunkel*, 517 F.3d 672, 676 (3d Cir. 2008) (quoting *Northern Insurance Co. of New York v. Aardvark Associates, Inc.*, 942 F.2d 189, 193 (3d Cir.1991)).

3

Here, the Court sees no reason to suggest that the Pennsylvania Supreme Court would reject *Collins*. Ms. David cites *Rinaldi v. Levine* for the proposition that "active snow should not, in and of itself, release a landowner from the duty to ensure that snow and ice is not allowed" to accumulate for an unreasonable amount of time. 176 A.2d 623 (Pa. 1962). But in *Rinaldi,* the snow and ice at issue accumulated in an earlier storm, as witnesses testified that the site in question was slick the day before the accident. *Id.* at 624.

In contrast, the Parties here agree that an active snowstorm which caused the dangerous conditions was underway when Ms. David fell. Indeed, Ms. David admits as much in her deposition. That distinction is dispositive as a matter of law. Accordingly, the Court concludes that Walmart and Divisions had no duty to remove the snow from the Walmart parking lot when Ms. David fell because the storm continued at that time.

## IV. CONCLUSION

Pennsylvania does not require business owners to clear their parking lots until a snowstorm stops. The storm had not stopped when Ms. David slipped and fell. Therefore, she cannot prevail on her negligence claims. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

JOSHUA D. WOLSON, J.

March 2, 2020